# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   18-60162-CR-COHN

**UNITED STATES OF AMERICA**

**v.**

**RUSSELL SCHROEDER,**

          **Defendant.**

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and RUSSELL SCHROEDER (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count One of the Indictment which charges him with knowingly distributing any visual depiction, using any means and facility of interstate and foreign commerce, and that has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction is of such conduct, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

2.      This Office agrees to seek dismissal of Counts Two and Three of the Indictment after sentencing.

3.      The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines").    The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.    The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.    The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.    Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.       The defendant also understands and acknowledges that, as to Count 1, the Court must impose a minimum term of imprisonment of at least five (5) years, and may impose a statutory maximum term of imprisonment of up to twenty (20) years, a mandatory minimum term of supervised release of at least five (5) years up to a maximum term of life, a fine of up to two hundred and fifty thousand dollars ($250,000.00), and an order of restitution.

5.       The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.    The defendant agrees that any special assessment imposed

2

shall be paid at the time of sentencing.   If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   The United States, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea

3

agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.   The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government or a recommendation made jointly by both the defendant and the government.

9.      The defendant also agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all assets, and/or their substitutes which is subject to forfeiture pursuant to 18 U.S.C. § 2253 including but not limited to:

    a.   one (1)HP Computer bearing serial number CNR0350ZVR containing a Seagate Momentus 320 GB hard bearing serial number 5VD4V54R;
    b.   one (1)Apple iMac computer bearing serial number QP9510YS5PC;
    c.   one (1) SanDisk 64 GB CruzerGlide thumb drive;
    d.   one (1) SanDisk 4 GB U3 Cruzer Micro thumb drive;
    e.   one (1) SanDisk 32 GB CruzerGlide thumb drive;
    f.   one (1) SanDisk 32 GB xPander thumb drive;
    g.   one (1) LI-12 Apple iPhone 7 bearing serial number DNPSM9TXHG75;
    h.   one (1) generic 4 GB thumb drive.

10.     As a result of the offenses alleged in the Indictment, the defendant agrees that the above-named property contains: (1) a visual depiction of a minor engaged in sexually explicit conduct, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received; (2) property, real or personal, constituting or traceable to gross profits or other proceeds which the defendant obtained from such violations; and/or (3) property, real or personal, used or intended to be used to commit or to promote the commission of such violations and any property traceable to such property in violation of 18 U.S.C. § 2251(a) and (e) is subject to forfeiture pursuant to 18 U.S.C. § 2253. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eight Amendment of the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant waives his right to appeal the forfeiture.

11.     The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life.   The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information.   The defendant understands that he will be

subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If the defendant resides in Florida following release from prison, he will be subject to the registration requirements of Florida State Statute 943.0435.   The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

12.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13.     This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date:  ___9/12/18___       By:  ___Corey Steinberg___
Corey Steinberg
Assistant United States Attorney

Date:  ___9/12/18___       By:  _____
Phillip Horowitz
Attorney for Defendant

Date:  ___9/12/18___       By:  _____
Russell Schroeder
Defendant

6